# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH H., <br><br> Plaintiff, <br><br> MARTIN J. O'MALLEY,[1] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 8:23-01273 RAO <br><br><br> **MEMORANDUM OPINION AND ORDER** |

## I.  INTRODUCTION

Plaintiff Elizabeth H.[2] ("Plaintiff") challenges the Commissioner's denial of period of disability, supplemental security income ("SSI"), and disability insurance benefits ("DIB").  For the reasons stated below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED**.

## II.  BACKGROUND

On October 22, 2020, Plaintiff applied for period of disability, SSI, and DIB, alleging disability beginning August 16, 2018.  (AR 218-27, 228-29.)  Plaintiff's

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley, the Commissioner of Social Security, is hereby substituted as the defendant.

[2] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

application was denied on March 9, 2021, (AR 81-82), and upon reconsideration on September 2, 2021 (AR 113-14).  On October 17, 2021, Plaintiff appealed the Commissioner's decision and requested a hearing before an Administrative Law Judge ("ALJ").  (AR 137-38.)  The hearing took place on June 2, 2022.  (*See* AR 35-52.)

On September 3, 2022, the ALJ issued an unfavorable decision.  (AR 15-34.)  At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 16, 2018.  (AR 21.)  At **step two**, the ALJ determined Plaintiff had multiple severe impairments: chronic obstructive pulmonary disease ("COPD"), cervical spine and lumbar spine disc disease, and obesity.  (*Id.*)  At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that medically equals the severity of the impairments listed in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  (AR 23.)  Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") for light work except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk two hours in an eight-hour workday and sit six hours of an eight-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to dust, fumes, and other pulmonary irritants.  (AR 24.)  At **step four**, the ALJ concluded Plaintiff could perform past relevant work as a paralegal or mortgage loan officer.  (AR 28.)  The ALJ did not reach **step five**.  (*See* AR 20.)

On May 16, 2023, the Appeals Council denied Plaintiff's request for review.  (AR 1-7.)  Plaintiff initiated this action challenging the Commissioner's decision on July 14, 2023. (Dkt. No. 1.)  The parties filed their respective briefs for the Court's consideration.  (*See generally*, Dkt. Nos. 11 ("Pl. Brief"), 12 ("Comm'r Brief"), 13 ("Pl. Reply").)

///

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if, when applied against proper legal standards, they are supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S.Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. . . . Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "However, the ALJ 'need not discuss *all* evidence presented'" to her, but "must only explain why 'significant probative evidence has been rejected.'" *Hurn v. Berryhill*, No. 17-00884, 2018 WL 4026357, at *3 (W.D. Wash. Aug. 23, 2018) (citing *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

"'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the

ALJ on a ground upon which [s]he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends the ALJ (1) failed to provide clear and convincing reasons for discounting Plaintiff's subject symptom testimony; (2) erroneously omitted mental work restrictions from Plaintiff's RFC; and (3) failed to properly evaluate the medical opinion of Dr. John Godes.

### a. Claim One—Subjective Testimony

Plaintiff contends the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. (Pl. Brief at 3-9; Pl. Reply at 2-5.) The Commissioner argues the ALJ's reasons for discounting Plaintiff's testimony are sufficiently specific. (Comm'r Brief at 2-5.)

The Court agrees with Plaintiff.

#### i. Plaintiff's Testimony

Plaintiff testified she last worked in 2018 for a few months as an auditor at the credit union. (AR 40-41.) She testified she was a paralegal for three to five years before that, and prior to being a paralegal, she was a loan specialist for a home mortgage company for under one year. (AR 41.) Plaintiff stopped working as an auditor because she was in pain, which her doctor said was caused by sitting, standing, and reaching. (AR 42.) She has not applied for any job since leaving the auditing job and relies on her husband for income. (*Id.*) She lives in a house with her husband, mother, son, and stepdaughter. (AR 42-43.) She has a driver's license but has not driven within probably the last three years because she has problems looking over her shoulder. (AR 43-44.) Plaintiff testified she does not drink or take any drugs. (AR 44.) She has an associate degree. (*Id.*)

Plaintiff used to be able to walk for 15 minutes at a time, but in the last year, can only walk five. (AR 44-45.) After five minutes of walking, she feels a shooting pain from her back down her right leg. (AR 45.) She needs to rest for 15

to 20 minutes before walking again. (*Id.*) She can stand for a maximum of five minutes before needing rest because her back starts to hurt; she needs to lay down for 15 to 20 minutes before standing again. (*Id.*) She can sit for about 15 to 20 minutes before feeling back pain that travels to her neck. (AR 45-46.) She can carry a water bottle but nothing heavy because it causes back pain. (AR 46.) She has trouble concentrating when people talk to her. (*Id.*) She feels tired and sleepy from her medications. (*Id.*)

### ii. The ALJ's Decision

The ALJ discounted Plaintiff's subjective symptom testimony, taking into account the lack of objective medical evidence supporting her testimony, noncompliance with medication, and the statements of her son, Jacob A. Mercado. (AR 1112-16); *see Williams v. Berryhill*, No. 17-03624, 2018 WL 791144, at *4 (C.D. Cal. Feb. 8, 2018) ("Medical opinion evidence is merely an example of objective medical evidence, and thus, does not constitute a separate and distinct reason for rejecting Plaintiff's subjective symptom testimony." (citing *Vigil v. Comm'r of Soc. Sec.*, No. 16-1677, 2017 WL 4075581, at *8 (E.D. Cal. Sept. 14, 2017); *Petit v. Astrue*, No. 11-2001, 2012 WL 3965146, at *7 (C.D. Cal. Sept. 11, 2012))).

The ALJ determined medical evidence did not support the alleged severity of her symptoms. (*See* AR 25.) Physical, neurological, respiratory, and cardiovascular clinical exams between 2018 and 2021 returned normal and mild results. (*Id.*) Plaintiff received injections despite these normal findings, and there was at least one instance of positive exam findings of slight weakness and numbness. (AR 26 (citing Exh. 10F).) The ALJ concluded Dr. B. Vaghaiwalla's opinion was more persuasive than Dr. A. Khong's because Dr. Vaghaiwalla's opinion is "more consistent with the record as a whole, which documents the claimant's conditions (COPD, cervical spine and lumbar spine disc disease, and obesity) but shows many normal exam findings, including neurological." (*Id.*

(citing Exhs. 4F, 5F, 7F, 9F).)  The ALJ concluded Dr. John Godes's opinion was unpersuasive because it was not consistent with the record as a whole; although Dr. Godes classified Plaintiff as "less than sedentary," Plaintiff does not need an assistive device.  (AR 27 (citing Exhs. 4F, 9F).)

The ALJ noted Plaintiff stopped taking all of her medications.  (AR 26 (citing Exh. 9F).)

The ALJ discounted the statements of Mr. Mercado because Mr. Mercado was "not familiar with the Social Security Administration's precise disability guidelines as evidenced by his opinion, which fails to discuss any listings, . . . , and does not provide any functional limits outside of the claimant being able to walk for only 15 minutes at a time."  (AR 27.)  The ALJ also concluded Mr. Mercado, as Plaintiff's son, is inherently biased, and that his lack of medical or healthcare qualifications discredits his observation.  Lastly, the ALJ concluded Mr. Mercado's opinion is not consistent with the record as a whole.  (*Id.*)

### iii. Applicable Law

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  Once satisfied, the ALJ must examine the entire case record, which includes the claimant's own testimony, for evidence on the intensity, persistence, and limiting effects of claimant's symptoms.  *Id.* at 1035.

### iv. Analysis

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements

concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence of record. (*See* AR 25.) Specifically, the ALJ found that Plaintiff's symptoms were undermined by her noncompliance to medication, an adult function report submitted by her son, and lack of objective medical evidence.

### a. Noncompliance with Medication

The failure to follow prescribed treatment, absent good cause, is a valid reason to discount a claimant's subjective symptom testimony. *Orn*, 495 F.3d at 638; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *Peters v. Colvin*, No. 13-8907, 2015 WL 349421, at *5 (C.D. Cal. Jan. 23, 2015) (citing 20 C.F.R. § 416.930(a)).

Here, the ALJ's analysis of Plaintiff's noncompliance with medication is insufficient to discount her testimony because although she notes that Plaintiff stopped taking all of her medications, she failed to connect the noncompliance to the symptom testimony it purports to discount. *See Morgan*, 169 F.3d at 599; (*see also* Pl. Reply at 3). The Commissioner's argument that the ALJ's analysis is rational and should therefore stand, necessarily requires the ALJ to have written that analysis. (*See* Comm'r Brief at 4-5); *Guthrie*, 2022 WL 15761380, at *1. The ALJ did not do so. (*See* AR 26); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2011); (Pl. Reply at 4-5) (arguing that an ALJ must consider both facts favorable and those unfavorable to the credibility determination). Therefore, Plaintiff's subjective symptom testimony cannot be discounted on this basis. *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014).

### b. Jacob A. Mercado's Adult Function Report

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). A lack of support from overall medical

evidence is an improper basis to disregard lay testimony because "[t]he fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Here, the ALJ's analysis of Mr. Mercado's Adult Function Report is insufficient to discount Plaintiff's testimony because every reason cited by the ALJ has been held to be an invalid reason to discredit lay testimony. (*See* AR 27; *see also* Comm'r Brief at 3-5 (excluding from his brief the ALJ's discussion of Mr. Mercado's Report).) That Mr. Mercado may have an inherent bias as Plaintiff's son does not discredit his statements. *Smolen v. Chater*, 80 F.3d 1273, 1289 ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."). Nor do Mr. Mercado's lack of medical training, the alleged lack of objective medical evidence corroborating his statements, and Mr. Mercado's unfamiliarity with the Social Security Administration's disability guidelines discredit his statements. *See Bray v. Berryhill*, No. 17-1385, 2018 WL 3076919, at *8 (C.D. Cal. June 19, 2018) ("Lay witnesses are not required to have medical training[, which] is what makes them 'lay' witnesses."); *Kelli C. v. Berryhill*, No. 18-02237, 2019 WL 1330890, at *6 (C.D. Cal. Mar. 25, 2019) ("A lack of support from the 'clinical or diagnostic medical evidence' is not a proper basis for disregarding lay witness' observations." (quoting *Diedrich*, 874 F.3d at 640)); *George C.L. v. Saul*, No. 20-8232, 2022 WL 836301, at *8 (N.D. Cal. Mar. 21, 2022) ("The ALJ erred by discounting Plaintiff's wife's statements simply because she did not 'establish a familiarity with Social Security Regulations,' as that explanation has no basis in the law, or in the Agency's regulatory scheme."). Therefore, Plaintiff's subjective symptom testimony cannot be rejected on the basis of Mr. Mercado's Adult Function Report.

///

///

### c. Objective Medical Evidence

A lack of objective medical evidence is a valid reason to discount a claimant's subjective symptom testimony as long as it is not the only reason. *See Bunnell*, 947 F.2d at 345; *Venegas v. Astrue*, No. 08-8636, 2009 WL 4267439, at *4 (C.D. Cal. Nov. 24, 2009).

As stated above, the ALJ's analyses of Plaintiff's non-compliance with her medication and Mr. Mercado's third-party function report were inadequate to discount Plaintiff's testimony. That leaves a lack of objective medical evidence as the sole reason the ALJ could have discounted Plaintiff's testimony. Here, assuming arguendo there *is* a lack of objective medical evidence substantiating Plaintiff's testimony, the ALJ's analysis would still be lacking because a lack of objective medical evidence alone cannot discount subjective symptom testimony. *See Bunnell*, 947 F.2d at 345. Therefore, the ALJ erred in discounting Plaintiff's subjective symptom testimony.

### b. Claim Two—Mental RFC

Plaintiff contends her mild mental deficits—understanding, remembering, or applying information; maintaining concentration, persistence, and pace; interacting with others; and adapting and managing herself— should have been included in her RFC and their omissions render the vocational expert's testimony at step five irrelevant. (Pl. Brief at 9-11.) The Commissioner contends the ALJ's determined RFC is supported by substantial evidence and, specifically, Plaintiff is conflating the limitations identified in the paragraph B and C analyses with those analyzed for purposes of the RFC. (*See* Comm'r Brief at 5-6.)

#### i. Applicable Law

An ALJ must consider the limiting effect of all of a claimant's impairments. *George A. v. Berryhill*, No. 18-00405, 2019 WL 1875523, at *3 (C.D. Cal. Apr. 24, 2019). However, those limiting effects that do not significantly interfere with a claimant's ability to work are not required to be included in a claimant's RFC. *Woods*

9

*v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022); *Bray v. Astrue*, 554 F.3d 1219, 1228-29 (9th Cir. 2009). As long as the ALJ "specifies reasons supported by substantial evidence for not including the non-severe impairment in the RFC determination, the ALJ has not committed legal error." *George A.*, 2019 WL 1875523, at *3 (internal brackets omitted).

## ii. Analysis

Here, the ALJ does not include any discussion of, or reference to, Plaintiff's mental health impairments in determining her RFC. (*See* AR 24-28.) At step two, the ALJ found Plaintiff had non-severe limitations in all four functional areas of mental functioning set out in the Listing of Impairments, 20 C.F.R. Part 404, subpart P, Appendix 1, (the "paragraph B" criteria) after considering the opinions of multiple medical providers. (AR 21-23.) But the ALJ erred when she used boilerplate language—that the RFC assessment reflects the degree of limitation assessed in paragraph B—to make the ALJ's step two analysis function as the ALJ's RFC determination. (AR 23.) Such boilerplate language is insufficient because it does not show actual review and consideration of the record. *Uranna G. v. Saul*, No. 18-2117, 2019 WL 5342537, at *4 (S.D. Cal. Oct. 21, 2019); *see Gates v. Berryhill*, No. 16-0049, 2017 WL 2174401, at *2-3 (C.D. Cal. May 16, 2017). Even if Plaintiff were improperly conflating the step two and step three analyses, (*see* Comm'r Brief at 6), the ALJ's use of paragraph B boilerplate language to avoid providing a specific analysis for the mental limitations' exclusion in the RFC is improper. *Sylvester H. v. Kijakazi*, No. 20-2503, 2022 WL 4466717, at *8 (C.D. Cal. Sept. 26, 2022); *Koshak v. Berryhill*, No. 17-6717, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018).

### c. Claim Three—Dr. John Godes's Medical Opinion

An ALJ cannot reject an examining or treating physician's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (citing

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). The ALJ considers several factors in weighing a treating physician's opinions and must explain specifically how it considered the supportability and consistency factors. *Id.* at 739-40. "Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence, while consistency concerns how 'a medical opinion is consistent with the evidence from other medical and nonmedical sources.'" *Id.* (quoting *Woods*, 32 F.4th at 791-92). An ALJ "need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957.

### i. Dr. Godes's Opinion

Dr. Godes opined that Plaintiff is a "well-developed, obese female in no acute distress." (AR 395.) Her head appeared normocephalic and atraumatic. (AR 396.) Her eye movements were intact, and pupils equal, round, and reactive to light and accommodation. (*Id.*) Her ears were clear with intact tympanic membranes. Her septum was midline, and nasal pharynx clear. There was no posterior pharyngeal erythema with respect to her mouth. (*Id.*)

Dr. Godes noted her neck was supple without adenopathy or jugular venous distension. There was no tenderness in Plaintiff's chest, nor evidence of kyphosis. Her lungs appeared normal, although there was a decreased breath sound of prolonged expiration. (*Id.*) There were no heaves, thrills, or murmurs with respect to her cardiovascular system. (AR 397.) Dr. Godes recorded that Plaintiff experienced tenderness of the lumbar spine in bilateral paravertebral areas, though there was no muscle spasm nor evidence of scoliosis. Her straight leg raising test was positive at 30 degrees, both sitting and supine with production of sciatic pain. Her range of motion with respect to her back was within normal limits. (*Id.*)

None of Plaintiff's extremities showed cyanosis, clubbing, edema, varicosities, or stasis dermatitis. Her upper extremities were largely normal, although Dr. Godes noted a somewhat decreased hand strength bilaterally because

of bilateral carpal tunnel syndrome. (*See* AR 397-98.) Plaintiff's lower extremities were also largely normal. (*See* AR 399 (finding her hips, ankles, and knees "grossly normal bilaterally," and no tenderness, swelling, effusion, or instability bilaterally).)

Dr. Godes opined Plaintiff can lift and carry less than 10 pounds occasionally and less than 10 pounds frequently; can stand and walk for less than two hours in an eight-hour workday because of her lumbar disc disease; and can sit for six hours in an eight-hour workday. She uses no assistive devices. She is limited to occasional pushing and pulling in the upper extremities because of her cervical disc disease, and in the lower extremities because of her lumbar disc disease. (AR 400.) Plaintiff can climb, stoop, kneel, and couch only occasionally because of her lumbar disc disease with radiculopathy and marked limitation and motion of the lumbar spine. Dr. Godes noted no postural, manipulative, visual, communicative limitations, and recommended Plaintiff avoid exposure to irritating fumes.

### ii. The ALJ's Decision

The ALJ concluded Dr. Godes's opinion—that Plaintiff was less than sedentary—was unpersuasive because it was not consistent with the record as a whole. (AR 27.) Although the record documents Plaintiff's conditions of COPD, cervical spine and lumbar spine disc diseases, and obesity, many exams, including a neurological exam, produced normal findings. The ALJ summarized Dr. Godes's findings, reiterating Dr. Godes's explanations for why he imposed certain limitations and noting that the lack of an assistive device further undermined his opinion. (*Id.*)

### iii. Analysis

Here, the ALJ properly considered Dr. Godes's medical opinion. (*See* Comm'r Brief at 7-8.) Although she did not specifically write, "supportability," the ALJ reasonably noted that Plaintiff could stand and walk for less than two hours in an eight-hour day, but that an assistive device was not needed. (*See* AR 27.) As to

12

consistency, the ALJ noted Dr. Godes's examination of Plaintiff revealed normal findings and Plaintiff exhibited no postural, manipulative, visual, or communicative limitations. Yet, he limited Plaintiff to less than sedentary work. (*Id.* (citing Exhs. 4F, 5F, 7F, 9F).) That Plaintiff can identify another reasonable interpretation of Dr. Godes's opinion does not mean the ALJ erred on this issue. (*See* Pl. Brief at 13-14; Pl. Reply at 5-6.) *But see Ryan*, 528 F.3d at 1198.

## V.  REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court finds that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's errors. *See Brown-Hunter*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). On remand, the ALJ shall reassess Plaintiff's subjective symptom testimony and Mr. Mercado's Adult Function Report. The ALJ shall then reassess Plaintiff's RFC and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing. This order does not preclude the ALJ from considering any other arguments raised by Plaintiff on remand.

## VI.  CONCLUSION

IT IS ORDERED that Judgment shall be entered **REVERSING** and **REMANDING** the decision of the Commissioner denying her period of disability and applications for SSI and DIB.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  April 29, 2024

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

13

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

14